WORLEY and WELSH *against* SCUDDER and CORYELL.

In a transitory action, if the venue is not laid in the county where the cause of action arose, or where the defendant resides, the court will on motion, and without affidavit of defence change the venue to the county where the defendant resides, if the plaintiff reside out of the State.

The plaintiffs in this case resided in Philadelphia, the defendants in Hunterdon county, and the venue was laid in Gloucester county.

*Saxton,* on behalf of the defendants, moved to change the venue from Gloucester to Hunterdon county, and cited *Dauchy et al.* v. *Taylor,* 4 *Hals.* 96, and *Rev. Laws* 453, *sec.* 4.

*Harrison,* for the plaintiffs, objected that the affidavit on which the motion was founded, did not state that the defendants had any defence to the action, and that it was contrary to the English practice to change the venue upon the common affidavit, where the action was brought upon a promissory note, and cited *Rice* v. *Vinall, Barnes' notes,* 483. *Watson* v. *Willis, ibid* 485. *Maugir* v. *Hinds, ibid* 487. *The Duke of Bedford* v. *Bray, ibid* 491. Also the case of *Abrams and Rolfe* v. *Wood and others,* 1 *South,* 30.

*Saxton* replied that an affidavit of merits was unnecessary. That our statute had abolished the English practice with regard to venues.

CH. JUSTICE. The doctrine of venue stands upon a different footing in this state from the English practice. In transitory actions, our statute regulates the place in which the venue should be laid, leaving the court the power to change it at their discretion to any of the designated places, which are "the county in which the cause of action arose, or the plaintiff or defendant resides at the time of instituting the action, or if the defendant be not an inhabitant of the state, the county in which the process shall have been served upon him." The plaintiff ought to lay his venue in one of these counties. In this case the venue is laid out of the prescribed bounds, and when this is shewn, we must bring it back within those bounds. If the defendants asked a favor, we might impose terms upon them and require an affidavit of merits; but here they are asking only what the statute gives them. Let the venue be changed to the county of Hunterdon.

FORD, J. The statute is imperative that the venue shall be laid in one of four places, but here it is laid in neither.

DRAKE concurred.

Venue changed.